

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus                          CRIMINAL NO. 10-0056-01
                                      JUDGE TOM STAGG

BILLY DEWAYNE MOORE

## MEMORANDUM RULING

Before the court is Billy Dewayne Moore's ("Moore") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Record Document 79. Based on the following, Moore's motion is **DENIED**.

## I. BACKGROUND

A.     **Factual Background**.

On December 12, 2008, as a person on parole from a state sentence, Moore signed a Diminution of Sentence Form which notified him of his good time release and also of his obligations once he was released and on parole. See Record Document 69 at 115. This form contained a statement of general conditions that Moore must follow while on parole. One of the conditions was that he must not have in his possession or control any firearms or dangerous weapons. See id. at 117. Also on that same date, Moore signed other forms at the Louisiana State Parole Office notifying him that the federal law, 18 U.S.C. § 922(g), prohibited him as a convicted

felon from possessing a firearm. See id. at 119. Moore signed the Diminution of Sentence Form upon his release from prison and then, later that same day, signed the other forms when he reported to the probation office. See id. His probation officer, Vicki Best ("Best"), also told him that "he cannot have a gun or be around guns or be around other people with guns or be around bullets or any of that, because the law states he can't be around guns or bullets or any sorts of things. If he's found around guns or bullets, he could do ten years in the federal prison." Id. at 120-121.

On October 27, 2009, acting upon information the Louisiana State Probation Office, a search was conducted by probation and parole officers of Moore's apartment which he shared with his girlfriend, Sylvia Thomas ("Thomas"). See id. at 127. Moore and Thomas were present during the search. See id. at 128. The officers found a gun in a dresser drawer in their shared bedroom. The gun was in the second drawer of the dresser and was a Hi-Point 45 semi-automatic handgun. See id. at 132. Later, while searching the closet in the bedroom, the officers found a shoe box with ammunition for the gun and letters addressed to Moore. See id. at 133-134.

**B.    Procedural History.**

On March 25, 2010, a federal grand jury returned a two count indictment against Moore. Moore was charged in count one of the indictment with possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Count two charged him with forfeiture pursuant to 18 U.S.C.

2

§ 924(d)(1). See Record Document 1.

On April 8, 2010, the government filed a Notice to Seek Sentence Enhancement under the Armed Career Criminal Act, alleging three prior convictions committed on three separate occasions. This enhancement would qualify Moore for sentencing under 18 U.S.C. § 924(e). See Record Document 21. The government also filed a Notice of Intent to Introduce Evidence Pursuant to Federal Rules of Evidence 404(b) on August 20, 2010. See Record Document 27. The court ruled that the Rule 404(b) evidence was admissible. See Record Document 68 at 3. A jury trial was held August 23 and 24, 2010. See Record Documents 38 and 39. The jury found Moore guilty as charged. See Record Document 47.

On January 27, 2011, Moore was sentenced to 235 months of imprisonment followed by a five year term of supervised release. See Record Document 57. Moore timely filed his appeal of the conviction. See Record Document 58. On December 29, 2011, Moore's conviction was affirmed by the United States Court of Appeals for the Fifth Circuit. See Record Document 78. Thereafter, Moore filed the instant motion. See Record Document 79.

## II. LAW AND ANALYSIS

In this section 2255 motion, Moore claims that the government did not produce sufficient evidence to sustain his conviction under 18 U.S.C. § 922(g)(1), as well as an additional claim that he received ineffective assistance of counsel during the trial

3

of this matter. As a general rule, the review of a conviction pursuant to a section 2255 motion is limited to constitutional and jurisdictional questions. See United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998). Ineffective assistance of counsel claims can be considered and should generally be raised in a collateral proceeding pursuant to 28 U.S.C. § 2255, rather than on direct appeal, as the record is not fully developed. See United States v. Cornett, 195 F.3d 776, 781 n.2 (5th Cir. 1999).

A.  **Claim of Insufficient Evidence.**

"Section 2255 does not reach errors not of a constitutional or jurisdictional magnitude that could have been reached by direct appeal." United States v. Seyfert, 67 F.3d 544, 546 (5th Cir. 1995). "Other types of error may not be raised under section 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal *and*, if condoned, would result in a complete miscarriage of justice." Cervantes, 132 F.3d at 1109 (emphasis in original). Moore's claim that the government did not produce sufficient evidence to sustain his conviction under 18 U.S.C. § 922(g)(1) is not a constitutional or jurisdictional claim. Because Moore has not demonstrated to the court that this alleged error could not have been raised on appeal, it has been procedurally defaulted and must be dismissed. A defendant may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default, and "actual prejudice" resulting from the error. See United

States v. Frady, 456 U.S. 152, 168, 102 S. Ct. 1584, 1594 (1982). This cause and actual prejudice standard presents "a significantly higher hurdle" than the "plain error" standard than applied on direct appeal. See id. at 166, 102 S. Ct. at 1593. Because Moore has not demonstrated to the court both "cause" and "actual prejudice" for his failure to raise this issue in a direct appeal, his claim of insufficient evidence to sustain a conviction has been procedurally defaulted and must be dismissed.[1]

### B. Ineffective Assistance Of Counsel.

Ineffective assistance of counsel claims may generally be heard under a section 2255 motion. See United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996). However, to prevail on a claim of ineffective assistance of counsel, Moore must prove that (1) his counsel's actions fell below an objective standard of reasonableness and (2) his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The first prong of the Strickland

---

[1] As noted, Moore did file an appeal in his case but it appears that this issue was not brought up on appeal. See Record Document 58. Instead, Moore seeks to present the issue for the first time in his section 2255 motion. As discussed, this issue cannot be considered in a section 2255 motion. However, in an abundance of caution, the court notes that the plain error standard of review would have applied on appeal, as Moore did not move for a judgment of acquittal at the close of his case or file a written motion for judgment of acquittal. Moore argues insufficiency of the evidence with respect to possession of the firearm, but fails to mention that the ammunition for the firearm was found in a shoebox along with mail addressed to him. Moore also fails to note that possession of a firearm may be joint, and the jury was instructed as such. The totality of the evidence before the jury could easily have led them to find beyond a reasonable doubt that Moore constructively and jointly possessed the firearm and ammunition.

5

analysis requires a showing by Moore that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. The Fifth Circuit has described this standard as requiring that counsel "research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful." United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000) (quotations and citation omitted). In evaluating counsel's performance, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Moore may overcome this presumption only by showing that, under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id. at 690, 104 S. Ct. at 2066.

Under the second prong of the Strickland test, Moore must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. To satisfy the prejudicial prong of the Strickland test, Moore must establish that he would have received less time in prison. See United States v. Grammas, 376 F.3d 433, 438

(5th Cir. 2004).[2] If Moore fails to establish either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail.

Moore brings a claim alleging he received ineffective assistance of counsel by his attorney, Joseph M. Clark ("Clark") during the trial. Specifically, Moore asserts that his counsel was ineffective in failing to "investigate other existing case law within the circuit to use to defend the petitioner of the allegations made by the government[']s indictment." Record Document 79 at 28. Clark's duty to investigate was discussed in Strickland as follows:

> [C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. Moore has failed to show "what this investigation would have divulged or why it would have been likely to make any difference" to his case. Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994).

---

[2]Previously, the prejudice test for ineffectiveness relating to the amount of a sentence in the Fifth Circuit was whether, but for counsel's actions, there was a reasonable probability that defendant would have received a "significantly less harsh" sentence. The Supreme Court later determined in Glover v. United States, 531 U.S. 198, 203, 121 S. Ct. 696 (2001), that "any amount of actual jail time has Sixth Amendment significance." Thus, the Fifth Circuit now holds that "Glover abrogates the significantly less harsh test, and that any additional time in prison has constitutional significance." Grammas, 376 F.3d at 438.

Furthermore, considering the "totality of the circumstances," Moore's attorney's alleged failure to investigate was not "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. Even assuming, arguendo, that Moore's counsel erred by not preparing to mount an effective defense, the court is not convinced that "there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray, 736 F.2d at 282 (quoting Strickland, 466 U.S. at 694, 104 S. Ct. at 2068). The evidence as presented to the jury convinced the jury that Moore was guilty of the charged offenses. The jury was the ultimate fact finder. The court cannot find with a "reasonable probability" that Clark's representation of Moore during the trial undermined the reliability or the outcome of the proceedings. The court correctly advised the jury of the applicable law, which the jury used along with the facts as presented during trial to find Moore guilty of violating 18 U.S.C. § 922(g)(1). Ultimately, Moore has failed to satisfy either prong of the Strickland test. As to cause, he has neglected to present any evidence to overcome the presumption that his attorney's actions were encompassed within the wide range of reasonable competence and fell under the ambit of strategy. As to prejudice, he has presented no evidence establishing that his attorney's actions were so serious as to render the proceedings unreliable and fundamentally unfair. Accordingly, Moore's ineffective assistance

claim is without merit.

### III. CONCLUSION

For the above cited reasons, Moore's section 2255 motion (Record Document 79) is **DENIED.**

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 11th day of April, 2013.

_____
JUDGE TOM STAGG